# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 19-292-LPS-JLH |
| FACEBOOK, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 19-293-LPS-JLH |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 19-295-LPS-JLH |
| LIMELIGHT NETWORKS, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 19-296-LPS-JLH |
| MICROSOFT CORPORATION, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 19-297-LPS-JLH |
| OOYALA, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 19-534-LPS-JLH |
| SNAP, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 19-535-LPS-JLH |
| TRAPELO CORP., | : | |
| Defendant. | : | |

# MEMORANDUM ORDER

WHEREAS, Magistrate Judge Hall issued a Report and Recommendation (C.A. No. 19-292 ("292") D.I. 27; C.A. No. 19-293 ("293") D.I. 40; C.A. No. 19-295 ("295") D.I. 27; C.A. No. 19-296 ("296") D.I. 27; C.A. No. 19-297 ("297") D.I. 22; C.A. No. 19-534 ("534") D.I. 24; C.A. No. 19-535 ("535") D.I. 27) on September 16, 2019, recommending, among other things, that the Court deny-in-part and grant-in-part Defendant Facebook, Inc.'s ("Facebook") motion to dismiss (292 D.I. 17) Plaintiff CoolTVNetwork.com, Inc.'s ("CTN") Second Amended Complaint (292 D.I. 14) and Defendant Snap, Inc.'s ("Snap") motion to dismiss (534 D.I. 15) CTN's First Amended Complaint (534 D.I. 11);

WHEREAS, on September 30, 2019, Facebook and Snap filed an objection (292 D.I. 28; 534 D.I. 25) ("Objection"), specifically objecting that (1) CTN failed to plausibly allege that a Facebook, Instagram, or Snap product was an "apparatus" and, thus, failed to state a claim for direct infringement, and (2) Judge Hall failed to address Snap's argument that Plaintiff's attempt to satisfy the "single 'mode control' requirement" was facially implausible;

WHEREAS, on October 7, 2019, CTN filed a response to Facebook and Snap's Objection (292 D.I. 31; 534 D.I. 28) ("Response");

WHEREAS, the Report recommended that the Court deny Defendant Limelight Networks, Inc.'s ("Limelight") motion to dismiss (295 D.I. 16) CTN's First Amended Complaint (295 D.I. 12);

WHEREAS, on September 30, 2019, Limelight filed an objection ("Limelight's Objection") (295 D.I. 28), specifically objecting that Judge Hall did not adequately address its argument about Limelight's alleged infringement of the '696 patent's "shop mode" limitation;

WHEREAS, on October 7, 2019, CTN filed a response to Limelight's Objection (295 D.I. 29) ("Response to Limelight");

WHEREAS, the Report recommended that the Court (1) deny-in-part and grant-in-part Defendant International Business Machines Corporation's ("IBM") motion to dismiss (293 D.I. 25) CTN's Second Amended Complaint (293 D.I. 20) and (2) deny Defendants Microsoft Corporation ("Microsoft"), Ooyala, Inc. ("Ooyala"), and Trapelo Corporation's ("Trapelo") motions to dismiss (296 D.I. 13; 297 D.I. 11; 535 D.I. 14) CTN's First Amended Complaints (296 D.I. 12; 297 D.I. 10; 535 D.I. 12);

WHEREAS, any Objections to the Report were to be filed by September 30, 2019;

WHEREAS, Defendants IBM, Microsoft, Ooyala, and Trapelo did not file any Objections to the Report;

WHEREAS, the Court concludes that the Report should be adopted as to Defendants IBM, Microsoft, Ooyala, and Trapelo for the reasons stated by Magistrate Judge Hall;

WHEREAS, CTN did not file an Objection to the Report's recommendation to grant the motions to dismiss filed by Facebook (292 D.I. 17), IBM (293 D.I. 25), and Snap (534 D.I. 15) with respect to CTN's claims of pre-suit induced infringement;

WHEREAS, the Court has reviewed *de novo* the portions of Judge Hall's Report relating to the dispositive issues of dismissal and adequacy of the pleadings, *see Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

NOW, THEREFORE, IT IS HEREBY ORDERED that Limelight's Objection (295 D.I. 28) and Facebook and Snap's Objection (292 D.I. 28; 534 D.I. 25) are OVERRULED, Judge Hall's Report (*see, e.g.,* 292 D.I. 27) is ADOPTED, the motions to dismiss filed by Facebook (292 D.I. 17), IBM (293 D.I. 25), and Snap (534 D.I. 15) are GRANTED with respect to CTN's

claims of pre-suit induced infringement and DENIED without prejudice with respect to CTN's other claims, and the motions to dismiss filed by Limelight (295 D.I. 16), Microsoft (296 D.I. 13), Ooyala (297 D.I. 11), and Trapelo (535 D.I. 14) are DENIED without prejudice.

1. Facebook and Snap argue that CTN failed to allege direct infringement because while the '696 patent claims a "Multifunctional Hot Spot apparatus," CTN's complaints "do[] not identify an apparatus – a tangible 'thing' – made by Facebook or Snap." (292 D.I. 28 at 3; 534 D.I. 25 at 3) As Judge Hall found, however, CTN did identify the relevant apparatuses: Facebook and Snap's "Facebook Stories Ads," "Instagram Stories Ads," and "Snapchat" products. (*See, e.g.*, 292 D.I. 27 at 17-19) Facebook and Snap appear to believe that the claimed "apparatus" must be a "physical thing." However, this contention rests on a claim construction argument "not suitable for resolution on a motion to dismiss." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018).

2. Facebook and Snap also argue that while the claims "require" users to be able to select all of the claimed "modes," users of the accused Snapchat product cannot access the claimed "bid mode." (534 D.I. 16 at 15-18, D.I. 25 at 7-8) Again, Facebook and Snap's arguments about what the claims "require" are premature at this stage. *See Nalco*, 883 F.3d at 1349. The parties will have the opportunity to dispute the meaning of the claims at claim construction.

3. Limelight contends that CTN did not plausibly allege that it infringed the '696 patent's "shop mode" limitation because the Complaint described "shop mode" as a tool "for selecting and purchasing items on a website or in a video" and "allow[ing] user[s] to add products to a shopping cart for purchase," but only alleged that Limelight's product can "display ... advertisement[s]." (295 D.I. 28 at 1-2) Limelight argues "there is no plausible theory under

3

which the display of an advertisement can be said to practice a shop mode limitation that . . . involves selecting and purchasing items." (*Id.* at 2)  At this stage, however, CTN is not obligated to prove how Limelight infringed this limitation; rather, CTN need only "place [Limelight] on notice of what activity is being accused of infringement." *Nalco*, 883 F.3d at 1350 (internal quotations marks and grammar omitted).  CTN has met its burden: it has highlighted the elements of Limelight's product that allegedly infringe the "shop mode" limitation. (*See* 295 D.I. 27 at 15-16)  CTN has provided sufficient notice to Limelight at this stage of the proceedings.

4. The following motions to dismiss the original complaint are DENIED AS MOOT given the filing of amended complaints: 295 D.I. 9; 296 D.I. 8; 534 D.I. 8.

March 11, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE